United States District Court Southern District McAllen Division
Civil Action

Jaime Elizondo    Plaintiff

VS

City of McAllen; Police Mr. Ramirez; District Attorney, Ricardo Rodriguez Jr.; District Clerk Laura Hinojosa; District Judge, Luis M. Singleterry; and Appoint Attorney. Mr. Muñoz

Plaintiff, file this action for febrication of evidence and conspiracy in violation of fourth and fourteenth Amendments, of his civil and constitutionel Rights the due process Clause and equal protection clause

On January, 29th, 2025 about 9:30 or 10:00 AM or so, Plaintiff at his house in McAllen, TX., 1713 Ebony Ave. coming from Oreilly's Autoparts was waiting for his wife (witness), to go to Uvalde, TX. for court Date, at the sidewalk officer Ramirez came asking for insurance and name. Plaintiff call his wife on the phone when (5) five more officer appear asking questions and for drugs also ask if Plaintiff had stoled the 6 pack of beer in the car. Plaintiff told them that they will find nothing on him or the car. The Plaintiffs wife came out and witness the events, search of Plaint. and car. Plaintiff was put in a Patrol car, while Mr. Ramirez told the other officers that if parole don't want (me) Plaintiff he will release Plaintiff was takd or arrested by parole hold, but stop or traffic or law violation wase not the probable cause. The police never say why were th They hold Plaintiff to long in the Police Department and after more than 20 hours they charge him with possession of Controlle Substance. Plaintiff was Book-in at Hidalgo County jail after noon time on Jan. 30th 2025. They did not find nothing on Plaintiff Plaintiff wife try file the video tape from the house camera

but the District courts officers refused to accept it; Clerk, District Attorney and 92nd court office. Plaintiff file few Motions and Letters to the court but never grant a hearing. At the pre-trial hearing plaintiff ask the Judge about the motion and about the vide tape to file and that his wife had the video at that moment. The Judge told him to give it to his Just Appoint Attorney and that there was a probable cause also that this was not a civil Action. After 78 days of the first Indictment the Appointed counsel went to the county jail to give the superseding indictment. He told Plaintiff that, "they reindict you with a new Offense and that they do not need to present evidence, only the officer testimony to convict, from simple possession to take into a corr facility, (State Jail felony to 3rd degree) Plaintiff's Attorney did not want to dismiss the case neither present defence, he joint the party to conspire and convict. District Attorney and Judge on May 29th 2025, told Plaintiff that if he go to trial he will face life in prison for those charges. The superseding Indictment not relate back) and (neither has a seal from the court also the grand jury need different evidence to indict on those charges. Here I send you what I have to verify what I claiming. That had to plead guilty, because of these frabrication of evidence, threats and intimdation to face life in prison, not voluntary plead guilty.

My parole revoke and lost my time on parole (street time) and sent back to prison, deprived of my life, liberty, property.

Case No. CR-1235-25-A

Sincerely, summitted                          Torres Unit TDCJ

Jaime Elizondo                               125 private Rd. 4303

Jaime Elizondo      Date 12-11-25          Hondo, Tex. 78861

#1440617 TDCJ

Mendoza V. City of Chicago 2024 U.S. Dist. Lexis 63748

One way, but not the only way, is through a conviction following a trial. Another way is when the fabricating evidence is used to elicit a guilty plead. Any reading to the contrary would reward egregious deliberate misconduct from State actors by making conviction following trial the only pathway to vindicate constitutional violations" Id. That would be a perverse result that would not allow plaintiff to show that they entered guilty plead because of fabricated evidence influenced or caused Plaintiff to plead guilty" Involuntary plead guilty

[In sum, Field and Avery, North District Court constantly found that a criminal defendant's due process rights were violated when fabricating evidence results from its used to secure the defendant's conviction, and this reasoning applies whether the fabricated evidence was introduced at trial or relied upon to elicit a guilty plead.) In the awake of Field and Avery, see eg. Carter V. City of Chicago 2018 US Dist. Lexis 60455, 2018 WL 1726421 at *5 (N.D. Ill Apr. 10, 2018) "The due process violation ... cause by fabricated evidence result from its use to secure the defendant's conviction, not for his use at trial. [fabricated evidence cause(s) the injury in so far as it influence the criminal defendant's decision to take a plead) While v. City of Chicago, 2018 WL 1702950 at *3 (N.D. Ill. Mar, 31, 2018)  (How the fabricated evidence come into play is not as critical to establish the constitutional violation as the fact that the fabricated evidence was a direct cause of (the) conviction [*9] In light of [ the Plaintiff] consistence claims.... that he felt compelled to admit guilty because of the fabricated evidence, the connection between the fabricated evidence and (the) conviction is clear)

Seven Circuit Jurisprudent from Whitlock to Moran, reveals that "The due process violation occurs one the material fabricated evidence is introduced, in some way"... that results in the criminal defendant's conviction and ultimately deprive him of his liberty. In re Waters 2022 U.S. Dist lexis 188119, WL 948206 at * 7 (2022)

Vela V. Lewis 2025 U.S. Dist. Lexis 104831

By Contrast, there is a Clearly established righ to be free from fabricating of evidence even when there is a probable cause for an arrest. Traylor V. Yorka No. 22-10783, 2024 US App Lexis 1323, 2024 WL 205444 at #4 (5th Cir. Jan. 19, 2024) (quoting 802 F.3d at 771)

"As the fifth Circuit has explained "(d)eliberate framing of a person by the state offends the most strongly held values of our nation." Cole 802 F.3d at 772.

"A deprivation of liberty is a necessary element of due process claim premised on allegations of evidence fabrication," Bainchi V Mc-Queen 818 F.3d 309, 319 (7th Cir. 2016) and the seven circuit has "Consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her/his liberty in some way O'DeKirk V. Roechner 2025 U.S. Dist Lexis 28319

Price V. Montgomery City 74 F 4th 711 (2025) HN5 Prosecutors alonside defense counsel, are tasked with equipping Judges and juries to accurately determine a defendant's guilt. Task necessarily entails making judgment call as to how pre-trial matter are handled, trials are conducted, witness are used, and evidence is presented.

Spinelli V. Byars 2025 US Dist Lexis 198573 HN7 The doctrine of absolute immunity is not without limits. Absolute prosecutorial immunity is justified only for actions that are connected with the prosecutors role in judicial proceedings not for every litigation inducing conduct. Court will not extend absolute immunity when a prosecutor function in the role of an administrator or investigative.

Jaime Elizondo                    Third District Court
vs                        CR-1235-25-A        of Hidalgo County
State of Texas

---

And decided this matter or grand Summary
Judgment.

The District Attorney, State's representative, has
announced ready for trial, and Defendant is ready for
trial, too!

Defendant has lost the Bail Bond from Uvalde Texas
because of this Illegal stop, illegal search (seizure) and Illegal arrest.
Also his working tools, and the place where he used to work
and money paying back those clients who were depending on
him to repair their Automovil.

If the court decide to take this matter to trial then
and only then I will need an Attorney. But I believe that
there is no evidence to even proof my arrest or the search of
my car, the vedeo if the police present it, there is no
probable cause or violation. Martha Elizondo, Defendant's
witness has the video-tape where at least 5 police officer
abuse the defendant's rights. It should be the same as the
police officers if they had their camaras recording, will be a
shame for the McAllen police Dept and the State of Texas
to present themself at trial with no evidence.
Witness will keep copies of all the motions too.

Sincerely Summited            In Hidalgo County
Jaime Elizondo            Jail  P O Box
Jaime Elizondo            Edinburg, Texas 78540
                3-23-25
                Date  Copy

Jaime Escobedo                          72nd District Court
vs                    CR-1235-25A        of Hidalgo County
State of Texas

## Verified Motion

To the Honorable Judge of said court:

Defendant filed this motion according to: Equal Protection Clause, Tex. R. Civ. P. 24. (Duty of Clerk), U.S. Const. Amend. XIV, § 1, (challenge government action), Tex Local Government Code § 118.024, Discovery and Access to evidence 44 Geo. L. J. ANN Rev. Crim. Pro. 405.431 h 1189 (2015) accused ability to mount a defense. Sham affidavit rule under Tex R. Civ. P. 166 a and 166 a (i)

Defendant's witness Martha Elizondo, and her son

At the court house District Clerk office try to summit evidence to be file but they refuse to file it they sent them to the District Attorney's office that didn't accept. does the videotape and her testimony. Miss Martina Elizondo does not speak English at all.

Defendant after received a copy of the Indictment ask his witness to call again, after she try once, this time the Clerk's office transfer her to the 92nd court office who told her, they can't accept that evidence.

The District clerk file police reports, Indictment, through the District Attorney (the state representative).

The District Clerk has a duty to file all pleadins presented for filing, the Judge will qualified the pleadins or Motions. In re Bernard 933 S.W. 2d 453; 454, 455 (1999)

Defendant ask the court that used its authority to distinguish between genuine and non-genuine facts

COPY

Original Indictment 481.115 (481.112) A person commit an offense if he (1) exercise, care, control or managment over the contraband (2) knew the substance was contraband. (State jail felony) Simple possession Tex. Hean & safty code Ann art 481.115.

Superseding Indictment 38.11 A person commit an offense if the person take an Alcoholic beverage, control substance or dangerous drug into a correctional facility, Detention facility, exept for delivery to a facility, warehouse, pharmacy or phisician (3rd degree felony) Texa Pena code Ann 38.11

Related Back: the doctrine that the final delivery of an instrument in escrow relate back to and take effect at the time of the original (41 AM J1st pow §70) The principel that the recording of instrument is deemed in law to have been done on the day the instrument was file for record in the recorder's office. Gibson v. Chouteau 80 U.S. 92, 13 wall 92, 20 L Ed 534. A statute which does not change the legal effect of prior fact or transactions is not unconstitutional retrospective merly because it relates thereto or because it relies there on to aid in fixing the present status of a person or because some requisites for its actions are drawn from a time antecedent to its passage (16 AM J2d Constitution L. § 413)

Tex. Code Crim. Proc. Ann art 12.05 (2005)   A prior indictment tolls the statute of limitations under art 12.05(b) for a subsequent indictment when both indictments alleged the same conduct same act or same transaction.

The statute of limitation was tolled because the initial indictment charge possession of completely different drug by different statutory means. "The gravemen of Law-offending conduct" in each indictment was not the same. State v. West 632 S.W. 3d 908

To determine whether a superseding indictment substantially broaden or amend a pending timely indictment it is appropiate to consider whethe the addition pleedings "alleged violation of different statute, contain different elements, rely on different evidence or expose the defendant to a potentially greater sentence. United States v. Liu 731 F.3d 982, United States v. Ojedokun (2021) 517 F. Supp.3d 444.

The statute of limitation require that the government to timely press but other limitation ensure that it press charges that it can prove so in the end the government can only change the date of the charges offense if he has evidence to convince a grand jury to indict and Ultimately a petit jury to convict as charged. When a superseding indictment gives the defendant timely notice of what they must defend against, Nothing is gained by comparing the new allegation with the ol ones. United States v. Rivera. 2025 US App. Lexis 11451.

Second District reverse the district court decision that money laundering Count in the superseding indictment related back to the original one. Even though the money laundering were part of the scheme to defraud in the original. The court explained those counts "required the defendant to defend against additional charges that alleged violation of different statute contained different elements for both offenses. The appellate court find that all the money laundering were time barred because the super indictment did not related back to the date of original indictment. United States v. Padilla-Galarza (2022) US Dist. Lexis 73480.

It is only when a superseding include a charge (that was in the criminal complaint) but was not in the original indictment that § 3161(b) is potentially violated see. United States v. Napolitano 761 F.2d 135, 137-38

Different Judge, Different person, or Court? No! But Same Term grand January 2025. Jury selected

Superseding Indictment

In the name and By authority of the State of Texas!

The grand Jury, for the county of Hidalgo, State of Texas, duly selected impaneled, sworn, charged and organized as such at the January 2025 term of the 398th Judicial District court for said county, upon their oath present in and to said court at said term that Jaime Elizondo, hereinafter so styled defendent, on or about the 29th day of January, 2025, and before the presentment of this indictment, in Hidalgo county, Texas, did then and there intentionally or knowingly take, a cocain, namely cocain into Hidalgo County Adult Detention facility, a correctional facility.

Against the peace and dignity of the state.

("no court seal or stamp!")

_Jeamm Lopes_
Foreperson of the grand Jury

(Copy by hand Jaime Elizondo)  (Court Appoint Attorney serve me with this super Indictment)

CR- CR-1235-25-A

D.A. Control No. DA-25-02267

agency: McAllen police Department

Arrest Date: 01/29/2025

Bond: $3000.00

State of Texas VS Jaime Elizondo

Charge: PROH substance/item in correctiv Corr Facility

Filed
AT 3:21 O'CLOCK PM
May 15, 2025

Laura Hinojosa, Clerk
District Courts Hidalgo County
By _____ Deputy #38.

Different from a Handwritten and Printed No.
But same term in grand Jury selected

DEF. IN JAIL

## Indictment

In the name and by authority of the state of Texas:

The gran Jury, for the county of Hidalgo, state of Texas, duly selected, impaneled, sworn, charged and ~~organized~~ organized as such at the January 2025 term of the 370th Judicial District Court for said county upon their oaths present in and to said court at said term that Jaime Elizondo, hereinafter styled defendant, on or about the 29th day of January, 2025, and before the presentment of this indictment, in ~~Hid~~ Hidalgo county, Texas, did then and there intentionally or Knowingly possess a controlled substance, namely, cocaine, in an amount of less than one gram.

Against the peace and Dignity of The State

copy by hand
Jaime Elizondo

Foreperson of the grand Jury,

It has a court Seal or Stamp

CR 1235-25-A
DA control No. DA 2502267
Agency: McAllen Police Department
Arrest Date: 01/29/2025
Bond $3,000 MG
State of Texas Vs. Jaime Elizondo
SO: 01468256  PID: 2118007
Charge: Poss CS PG 1/1-B<1G

Filed
At 2:30 O'clock PM
FEB 27 2025
Laura Hinojosa, Clerk
District court Hidalgo County
By Telliany Deputy #33

United States District Court Southern District Court McAllen Division

Civil Action

Jaime Elizondo          Plaintiff

VS

City of McAllen; Police Mr. Ramirez; District Attorney, Ricardo Rodriguez Jr.; District Clerk, Laura Hinojosa; District Judge, Luis M. Singleterry; and Appoint Attorney Mr Muñoz

Plaintiff file this action for fabrication of evidence and conspiracy in violation of fourth and fourteenth Amendments of his civil and constitutional Rights, the due process clause and equal protection clause

On January 29th, 2025 about 9:30 or 10:00 AM or so, Plaintiff at his house in McAllen, TX., 1713 Ebony Ave. coming from Oreilly's Autoparts was waiting for his wife (witness), to go to Uvalde Tex. for Court Date at the sidewalks officer Ramirez came asking for insurance and name Plaintiff call his wife on the phone when (5) five more officers appear asking questions and for drugs also ask if Plaintiff had stoled the 6 pack of beer in the car. Plaintiff told them that they will find nothing on him or the car. Plaintiff's wife came out and witness the events, search of Plaintiff and car. Plaintiff was put in a patrol car, while Mr. Ramirez told the other officer that if parole don't want (me) Plaintiff he will released. Plaintiff was taked or arrested by parole hold, but stop or traffic or Law violation were not the probable cause, the police never say why they were there. They hold Plaintiff to long in the Police Department and after more than 20 hours they charge him with possession of controlled substance Plaintiff was Book-in at the Hidalgo county jail after noon time on Jan. 30th 2025. They did not find nothing on Plaintiff.

Plaintiffs wife try file the video tape from the house camara but the District courts officers refused to accepted it; Clerk, District Attorney and 92nd Court office. Plaintiff file few Motions and letters to the Court but never grant a hearing. At the pre-trial hearing Plaintiff ask the Judge about the motions and about the video-tape to file and that his wife had the video at that moment. The Judge told him to give it to his, Just Appoint, Attorney and that ther was a probable cause also that this was not a civil Action. After 28 days of the first Indictment the Appointed Counsel went to the county jail to give the superseding indictment. He told Plaintiff that; they reindict you with a new offense and that they do not need to present evidence. Only the officer's testimony to convict. from simple possession to taked into a corr/facility. (State jail felony to 3rd degree). Plaintiff's Attorney did not want to dismiss the case neither present defences he joint the party to conspire and convict. District Attorney and Judge on May, 29th 2025, told Plaintiff that if he go t trial he will face life in prison for those charges. (The superseding Indict-ment not relate back) and (neither has a seal from the court also the grah jury need different evidence to indict on those charges) Here I send you what I have to verify what I claiming. That had to plead guilty because of these frabrication of evidence, threats and intimidation to face life in prison, not voluntary plead guilty. My parole revoke and lost my time on parole (street time) and sent back to prison, deprived of my life, liberty, property.     Case No. CR-1235-25A

Sincerely Summited                              Torres Unit TDCJ

Jaime Elizondo                                   125 Private Rd. 4303

Jaime Elizondo          Date 12-11-25           Hondo, Tex. 78861

# 1440617 TDCJ

Mendoza V. City of Chicago 2024 US Dist. Lexis 63748

One way, but not the only way, is through a conviction following a trial. Another way is when the fabricating evidence is used to elicit a guilty plead. "Any reading to the contrary would reward egregious deliverate misconduct from state actors by making conviction following trial the only pathway to vindicate constitutional violations" Id. That would be a perverse result that would not allow plaintiff to show that they entered guilty plead because of fabricated evidence influenced or caused Plaintiff to plead guilty," Involuntary plead guilty."

(In sum, Field and Avery, North District Courts constantly found that a criminal defendant's due process rights were violated when fabricating evidence results from its used of to secure the defendant's conviction, and this reasoning applies whether the fabricated evidence was introduced at trial or relied upon to elicit a guilty plead) In the awake of Field and Avery. see eg. Carter V. City of Chicago 2018 US Dist. lexis 60455, 2018 WL 1726421 at *5 (N.D. Ill. Apr. 10 2018) (The due process violation..... cause by fabricated evidence result from its use to secure the defendant's conviction, not for his use at trial [fabricated evidence] cause(s the injury in so far as it influence the Criminal defendant's decision to take a plead) While V. City of Chicago, 2018 WL 1702950 at *3 (N.D. Ill. Mar. 31, 2018) (How the fabricated evidence come into play is not as critical to establish the constitutional violation as the fact that the fabricated evidence is introduced, in some way, was a direct cause of (the) conviction [*9] In light of [the Plaintiff consistence claims... that he felt compelled to admit guilty because of the fabricating evidence, the connection between the fabricated evidence and (the) conviction is clear)

Seven circuit Jurisprudent from Whitlock to Morch, reveals that "The due process violation occurs once the material fabricated evidence is introduced, in some way"... that results in the criminal defendant's conviction and ultimately deprives him of his liberty. In re Watts 2022 US Dist Lexis 188119, WL 948206 at *7 (2022)

Vela V. Lewis 2025 US Dist lexis 104831

By constrast, there is a clearly established righ to be free from fabricating of evidence even when there is a probable cause for an arrest. Traylor v. Yorka No. 22-10783, 2024 US App lexis 1323, 2024 WL 209444 at *4 (5th Cir. Jan 19, 2024) (quoting 802 F. 3d at 771) "As the fifth Circuit has explained. "(d)eliberate framing of a person by the state offends the most strongly held values of our nation," Cole 802 F. 3d at 772.

　　　　"A deprivation of liberty is a necessary element of due process claim premised on allegations of evidence fabrication." Bainchi v. McQueen 818 F. 3d 309, 319 (7th Cir. 2016) and the seven circuit has "Consistently held that a police officer who manufatures false evidence against a Criminal defendant violates due process if that evidence is later used to deprive the defendant of her/his liberty ~~used~~ in some way O'De Kirk V. Roechner 2025 US Dist lexis 28319.

Price V. Montgomery City 74 F 4th 711 (2025)　HNS Prosecutors alongside defense counsel, are tasked with equipping Judges and juries to accurately determine a defendant's guilt. Task necessarily entails making judgment call as to how pre-trial matter are handled, trials are conducted witness are used, and evidence is presented.

Spinelli V. Byars 2025 US Dist lexis 198573
HN7 The doctrine of absolute immunity is not without limits. Absolute prosecutorial immunity is justified only for actions that are connected with the prosecutors role in judicial proceedings not for every litigation inducing conduct. Court will not extend absolute immunity when a prosecutor function in the role of an administrator or investigative officer.

And decided this matter or grant summary Judgment.

The District Attorney, state representative has announced ready for trial and Defendant is ready for trial too.

Defendant has lost the Bail bond from Uvalde Texas, because of this Illegal stop, Illegal search (Zeizure) and Illegal arrest, also his working tools and the place where he used to work and money paying back those clients who were depending on him to repair their Automovil.

If the court decide to take this matter to trial then and only then I will need an attorney. But I believe that there is no evidence to even proof my arrest or the search of my car the video if the police present it, there is no probable cause or violation. Martina Elizondo, defendant's witness has the videotape where at least 5 police officer abuse, the defendant's rights. It should be the same as the police officers if they had their camaras recording, will be a shame for the McAllen police Dep. and the state of Texas to present themself at trial with no evidence. witness will keep copies of all the motions too.

Sincerely Summitted
Jaime Elizondo
Jaime Elizondo

In Hidelgo county Jail
P.O. Box
Ediburg Texas 78540

3-23-25
Date

Copy

## Verified Motion

### To the Honorable Judge of said Court:

Defendant filed this motion according to: Equal Protection Clause Tex. R. Civ. 24. (Duty of Clerk) U.S. Const. Amend. XIV § 1 (Challenge government action), Tex. Local Government Code § 118.024. Discovery and Access to evidence. 44 Geo. L. J. ANN Rev. Crim Proc. 405, 431 h. 1189 (2015) accused ability to mount a defense. Sham affidavit rule under Tex. R. Civ. P. 166 a and 166 a(i)

Defendant's (wife) witness, Martina Elizondo and her son at the court house District Clerk office try to summit evidence to be file but they refuse to file it they sent them to District Attorney's office that didn't accept the video tape and her testimony. Miss. Martina Elizondo does not speak English at all.

Defendant after received a copy of the Indictment ask his witness to call again, after she try once, this time the clerk's office transfer her to the 92nd court office who told her, they can't accept that evidence.

The District Clerk file police reports, indictments, through the District Attorney (the state representative)

The District Clerk has a duty to file all pleadings presented for filing, the Judge, will qualified the pleadings or Motions. In re Bernard 933 S.W. 2d 453, 454, 455 (1999)

Defendant ask the court that used its authority to distinguish between genuine and non-genuine facts

COPY

Original Indictment 481.115 (481.112) A person commit an offense if he (1) exercise, care, control or managment over the contraband (2) Knew the substance was contraband (state jail felony) Simple possession Tex. ~~Hoth~~ Health & safty code Ann art 481.115

Superseding Indictment 38.11 A person commit an offense if the person take an Alcoholic beverage, control substance or dangerous drug into a correctional facility, Detention facility, exept for delivery to a facility warehouse, pharmacy or phisscian (3d degree felony) Tex. penal Code Ann 38.11

Related Back: the doctrine that the final delivery of an instrument in escrow related back to and take effect at the time of the original (41 AM J 1st. Pow § 70) The principel that the recording of instrument is deemed in law to have been done on the day the instrument was fil for record in the recorder's office. Gibson v. Chouteau 80 US 92, 13 Wall 92, 20 LEd 534.  ... A statute which does not change the legal effect of prior fact or transaction is not Unconstitutional retrospective merly because it relates thereto or because it relies there on to aid in fixing the present status of a person or because some requisites for its actions are drawn from a time antecedent to its passage (16 AM J2d Constitution L. § 413)

Tex code crim. Proc Ann art 12.05 (2005) A prior Indictment tolls the statute of limitations under art 12.05 (b) for a subsequent indictment when both indictments alleged the same conduct, same act, or same transaction.

The Statute of limitation was tolled because the initial indictment charge possession of completly different drug by different statutory means. "The gravemen of Law — offending conduct" in each indictment was not the same. State v. West 632 S.W. 3d. 908

To determine whether a superseding indictment substantially broaden or amend a pending timely indictment it is appropiate to consider whether the addition pleadings "alleged violation of different statute contain different elements, rely on different evidence or expose the defendant to a potentically greater sentence. United States V. Liu 731 F.3d 982 ; United states V. Ojedokum (2021) 517 F. Supp. 3d 444.

The statute of limitation require that the government to timely pres but other limitation ensure that it press charges that it can prove s in the end the government can only change the date of the charged offense if he has evidence to convice a grand jury to indict and ultimately a petit jury to convict as charged. When a superseding indic ment gives the defendant timely notice of what they must defend agai nst. Nothing is gained by comparing the new allegation with the old ones. United States V. Rivera 2025 U.S App levis 11457.

       Second District reverse the district Court's decision that money laundering counts in the superseding indictment related back to the original one. Even though the money laundering were par of the scheme to defraud in the original. The court explained that counts "required the defendant to defend against additional charges that alleged violations of different statute contained different elements for both offenses. The appellet Court find that all the money laundering were time barred because the super indictment did not related back to the date of original indictment United States V. padilla - Galarza (2022) U.S. Dist. Cexir 73480

It is only when a superseding includes a charge (that was in the criminal complaint) but was not in the original indictment that § 3161(b) is potentically violated see United States V. Napolitano 761 F.2d 135, 137 - 38 (2d civ. 1985)

Superseding Indictment

In the name and by authority of the state of Texas:

The grand jury for the county of Hidalgo, state of Texas, duly selected, impaneled, sworn, charged and organized as such at the January 2025 term of the 398th Judicial District court for said County, upon their oat present in and to said Court at said term that Jaime Elizondo herein after styled defendant, on or about the 29th day of January 2025, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there intentionally or knowingly take, a cocaine namely cocain into Hidalgo County Adult Detention facility, a correctional facility.

Against the peace and dignity of the state

("no court seal or stamp!")

( Copy by hand
Jaime Elizondo )     ( court Appoint Attorney
serve me with this
super Indictment )     Jean Lopez

                                Foreperson of the Grand jury

CR-CR-1235-25-A
DA Control No. DA-25-02267
Agency: McAllen police Department
Arrest Date: 01/29/2025
  Bond: $ 3.000⁰⁰
State of Texas VS Jaime Elizondo

Filed
At 3:21 O'clock PM
May 15, 2025
Laura Hinojosa, Clerk
District court's Hidalgo County
By ___ Deputy #38

charge: PROH Substance/item in corr/civ
com. Facility

_Indictment_                                    _Def. in Jail_

In the name and by authority of the State of Texas:

The grand jury for the county of Hidalgo, State of Texas, duly selected impaneled, sworn, charged and organized as such at the January, 2025 term of the 370th Judicial District Court for said county, upon their oaths present in and to said court at said term that Jaime Elizondo, here in after styled defendant, on or about the 29th day of January, 2025 and before the presentment of this indictment in Hidalgo County, Texas did then and there intentionally or knowingly possess a controlled substance, namely, cocain, in an amount of less than one gram

Against the peace and Dignity of the State

copy by hand
Jaime Elizondo

_Foreperson of the grand Jury_

"It has a court seal or stamp"

CR 1235-25-A

DA Control No. DA 2502267

Agency: McAllen Police Department

Arrest Date: 01/29/2025

Bond $3,000 NG

State of Texas v.s. Jaime Elizondo

SO: 01468256  PID: 2118007

Charge: Poss CS PG 1/1-B</1 G

Filed

At 2:30 O'clock PM

FEB 27 2025

Laura Hinojosa Clerk

District courts Hidalgo County

By Telling Deputy # 33

United States District Court Southern District Court McAllen Division
Civil Action

Jaime Elizondo                    Plaintiff

VS

City of McAllen: Police Mr. Ramirez ; District Attorney Ricardo Rodrigue
Jr. ; District Clerk, Laura Hinojosa ; District Judge, Luis M. Single-
terry ; and Appoint Attorney Mr. Muñoz

Plaintiff file this action for fabrication of evidence and conspiracy
in violation of fourth and fourteenth Amendment, of his civil and
constitutional Rights, the Due process Clause and equal protection Clause

On January 29th, 2025 about 9:30 or 10:00 AM or so, Plaintiff at his house
in McAllen, Tx. 1713 Ebony Ave. coming from Oreillys Autoparts was
waiting for his wife (witness), to go to Uvalde tex. for Court Date, at
the side walk officer Ramirez came asking for insurance and name
Plaintiff cell his wife on the phone when (5) five more officers appear
asking questions and for drugs also ask if plaintiff had stoled the
6 pack of beer in the car. Plaintiff told them that they will
find nothing on him or the car. Plaintiff's wife came out and witness
the events, search of Plaintiff and car. Plaintiff was put in a patrol
car, while Mr. Ramirez told the other officer that if parole dont
want (me) Plaintiff he will released. Plaintiff was taked or arrest-
ed by parole hold, but stop or traffic or Law violation was not
the probable cause, the police never say why they were there.
They hold Plaintiff to long in the Police Department and after more than
20 hours they charge him with possession of Controlled Substance
Plaintiff was Book-in at the Hidalgo County jail after noon time
on Jan. 30th 2025. They did not find nothing on Plaintiff.

Plaintiff's wife try file the video tape from the house camera but the District courts officers refused to accepted it: Clark, District Attorney and 92nd court office. Plaintiff file few Motions and letters to the court but never grant a hearing. At the pre-trial hearing Plaintiff ask the Judge about the motions and about the videotape to file and that his wife had the video at that moment. The Judge told him to give it to his Just Appointed Attorney and that there was a probable cause also that this was not a civil action. After 78 days of the first Indictment the Appointed Counsel went to the county jail to give the Supersedins Indictment. He told Plaintiff that, "they reindic you with a new offense and that they do not need to present evidence only the officer's testimony to convict, from simple possession to taked into a corr/facility.. (state jail felony, to 3rd degree) Plaintiff Attorney did not went to dismiss the case neither present defense, he joint the party to conspire and convict.

District Attorney and Judge on May, 29th 2025, told Plaintiff that it he go to trial he will face life in prison for those charges. (The supersedins Indictment not releaseback) and (neither has a seal from the court also the grand jury need different evidence to Indict on those charges) Here I send you what I have to verify what I Claimis. That had to plead guilty because of these fabrication of evidence, threats and intimidation to face life in prison, not voluntary pleed guilty. My parole revoke and lost my time on parole (street time) and sent back to prison, deprived of my life liberty, property.

    Case No   CR-1235-25-A

    Sincerely Summitted          Torres Unit TDCJ

    *Jaime Elizondo*             125 Private Rd 4303

    Jaime Elizondo    Date 12-11-25    Hondo, Tex. 78861

    #1440612 TDCJ

Mendoza  v. City of Chicago 2024 US Dist Lexis 63748
One way, but not the only way, is through a conviction following a trial. Another way is when the fabricating evidence is used to elicit a guilty plead. "Any reading to the contrary would reward egregious deliverate misconduct from state actors by making conviction following trial the only pathway to "Vindicate constitutional violations" Id. That would be a perverse result that would not allow plaintiff to show that they entered (guilty plead) to plea guilty because of fabricated evidence influenced or caused Plaintiff to plead guilty." Involuntary plead guilty."

      (In sum, Field and Avery, North District Courts constantly found that a criminal defendant's due process rights were violated when fabricating evidence results from its used to secure the defendant's conviction, and this reasoning applies whether the fabricated evidence was introduced at trial or relied upon to elicit a guilty plead) In the awake of Field and Avery, see eg Carter v. City of Chicago 2018 US Dist. lexis 60455, 2018 WL 1726421 at #5 (N.D Ill. Apr. 10.2018) (The due process violations ... Cause by fabricated evidence result from its use to secure the defendant's conviction, not for his use at trial. [Fabricated Evidence] causes) the injury in sofar as it influence the criminal defendant's decision to take a plead) White v. City of Chicago, 2018 WL 1702950 at #3 (N.D. Ill Mar.31, 2018) (How the fabricated evidence come into play is not as critical to establish the constitutional violation as the fact that the fabricated evidence was a direct cause of (the) conviction [#9] In light of [the Plaintiff consistence claims... that he felt compelled to admit guilty because of the fabricating evidence, the connection between the fabricated evidence and (the) conviction is clear.)

Seven Circuit Jurisprudent from Whitlock to Moran, reveals that "The Due Process violation occurs once the material fabricated evidence is introduced, "in some way"... that results in the criminal defendant's conviction and ultimately deprives him of his liberty. In re Watts 2022 US Dist. lexis 188119, WL 948206 at #7 (2022)

Vela V. Lewis 2025 U.S. Dist Lexis 104831

By constrast there is a clearly established righ to be free from fabricating of evidence even when there is a probable cause for an arrest. Tyaylor V. Yorka No 22-10783, 2024 US App lexis 1323, 2024 WL 209444 at *4 (5th Cir. Jan 19 2024) (quoting 802 F.3d at 771)

"As the fifth Circuit has explained "(D)eliberate framing of a person by the state offends the most strongly held values of our nation." Cole 802 F.3d at 772

"A deprivation of liberty is a necessary element of due process claim premised on allegations of evidence fabrication." Bainchi V McQueen 818 F.3d 309, 319 (7th cir 2016) and the seven circuit has "Consistently held that a police officer who manufatures false evidence against a criminal defendant violates due process if that evidence is late used to deprive the defendant of her/his liberty in some way. O'Dekirk V. Roechner 2025 U.S. Dist Lexis 28319

Price V. Montgomery City 74 F 4th 711 (2025). HNS Prosecutors alonside defense counsel, are tasked with equipping Judges and juries to accurately determine a defendant's guilt. Task necessarily entails making judgment call as to how pre-trial matter are handled, trials are conducted, witness are used, and evidence is presented

Spenelli V. Byars 2025 US Dist Lexis 198573

HN7 The doctrine of obsolute immunity is not without limit. Absolute prosecutorial immunity is justified only for actions that are connected with the prosecutors role in judicial proceedings not for every litigation inducing conduct. Court will not extend obsolute immunity when a prosecutor function in the role of an administrator or investigative.

Jaime Elizondo                            case

vs.                    CR-1235-25-A

State of Texas

      And decided this matter or grant summary

Judgment

      The District Attorney, state's representative, has annouced ready for trial, and Defendant is ready for trial too.

    Defendant has lost the Ball bond from Uvalde Texas, because of this Illegal stop, Illegal search (zeizure) and Illegal arrest, also his working tools and the place where he used to work and money paying back those Clients who were depending on him to repair their Automovil.

If the court decide to take this matter to trial then and only then I will need an Attorney. But I believe that there is no evidence to even proof my arrest or the search of my car, the video if the police present it, there is no probable cause or violation. Martina Elizondo, Defendant's witness has the video tape where at least 5 police officer abuse the defendant's rights  It should be the same as the police officers if they had their cameras recording, will be a shame for the McAllen police Dept and the state of Texas to present themself at trial with no evidence. Witness will keep copies of all the motions too.

                          In Hidalgo county jail

                          Po Box

    Sincerely summited           Edinburg Texas 78540

Jaime Elizondo

Jaime Elizondo

                 3-23-25

                 Date      copy

# Verified Motion

## To the Honorable Judge of said Court:

Defendant filed this motion according to : Equal Protection Clau.
Tex. R. Civ. P. 24. (Duty of Clerk) U.S. Const. Amend. XIV, § 1
(challenge government action), Tex Local Government code § 118.024
Discovery and Access to evidence. 44 Geo. L. J ANN Rev. Crim
Pro. 405, 431 h. 1189 (2015) accused ability to mount a defense,
Sham affidavit rule under Tex. R. Civ. P. 166 a and 166 a(i)

Defendant's witness, Martina Elizondo and her son  at the
court house District Clerk office  try to summit evidence to
be file but they refuse to file it they sent them to the
District Attorney's office that didn't accept the video tape
and her testimony. Mrse Martina Elizondo does not speak
English at all

Defendant after received a copy of the Indictment ask
his witness to call again, after she try once, this time the
clerk's office transfer her to the 92nd court office who
told her, they can't accept that evidence

The District Clerk file police reports, indictments through
the District Attorney (the state representative)

The District Clerk has a duty to file all pleadings presented
for the filings, the Judge, will qualified the pleadings or
Motions. In re Bernard 933 SW 2d 453, 454, 455 (1999)


Defendant ask the Court that used its authority to
distinguish between genuine and non-genuine facts.


COPY

Original Indictment 481.115 (481.112) A person commit an offense if he
(1) exercise, care, control or management over the contraband (2) knew the
substance was contraband (state Jail felony) Simple possession Tex Health
& safty code Ann art 481.115

Superseding Indictment 38.11 A person commit an offense if the person
take an Alcoholic bevarage, control substance or dangerous drug into a correc-
tional facility, Detention facility, exept for delivery to a (correctional
facility, warehouse, pharmacy or phisician (3rd degree felony) Tex. penal
code Ann 38.11

Related Back: the doctrine that the final delivery of an instrument
in escrow releted back to and take effect at the time of the original
(41 AM J 1st. pow § 70) The principel that the recording of instrument is
deemed in law to have been done on the day the instrument was filed
for record in the recorder's office. Gibson v. Chouteau 80 US 92,
13 wall 92, 20 L Ed 534.       A statute which does not change the
legal effect of prior fact or transaction is not unconstitional
retrospective merly because it relates thereto or because it relies
there on to aid in fixing the present status of a person or because
some requisites for its actions are drawn from a time antecedent
to its passage (16 AM J 2d Constitution L § 413)

Tex. Code Crim. Proc. Ann art 12.05 (2005) A prior
Indictment tolls the statute of limitations under art 12.05(b) for a
subsequent indictment when both indictments alleged the same
conduct, same Act or same transaction.

The statute of limitation was tolled because the
initial indictment charge possession of completely different drug
by different statutory means. "The gravamen of Law-offending
conduct" in each indictment was not the same. State v. West
632 S.W. 3d 908

To determine whether a superseding indictment substantially broaden or amend a pending timely indictment it is appropriate to consider whether the addition pleadings "alleged violation of different statute, contain different elements, rely on different evidence or expose the defendant to a potentially greater sentence. United States v. Liu 731 F.3d 982; United States v. Ojedokun (2021) 517 F. Supp 3d 444.

The statute of limitation require that the government to timely press but other limitation ensure that it press charges that it can prove s in the end the government can olny change the date of the charge offense if he has evidence to convice a grand jury to indict and ultimately a petit jury to convict as charged. When a superseding indictment gives the defendant timely notice of what they must defend against, Nothing is gained by comparing the new allegation wit the old ones. United States v. Rivera 2025 US App lexis 11451

        Second District reverse the district courts decision that money laundering counts in the superseding indictment related back to the original one. Even though the money laundering were part of the scheme to defraud in the original   The court explained that counts "required the defendant to defend against additional charges that alleged violation of different statute contained different elements for both offenses. The appellet court find that all the money laundering were time barred because the super indictment did not related back to the date of original indictment United States v. Padilla-Galarza (2022) U.S. Dist lexis 73481

It is only when a superseding includes a charge (that was in the crimin complaint) but was not in the original indictment that § 3161(b) is potentially violated see. United States v. Napolitano 761 F.2d 135, 137-3

# Superseding Indictment

In the name and by authority of the State of Texas:

The grand jury for the County of Hidalgo State of Texas, duly selected impaneled, sworn, charged and organized as such at the January 202 term of the 398th Judicial District Court for said County, upon their Oat present in and to said court at said term that Jaime Elizondo herein after styled defendant, on or about the 29th day of January 2025, and before the presentment of this indictment in Hidalgo county, Texas, did then and there intentionally or knowingly take, a cocain, namely cocain into Hidalgo County Adult Detention facility, a correctional facility.

Against the peace and Dignity of the state

(Copy by hand)
Jaime Elizondo

(Court Appoint Attorney
serve me with this
super Indictment)

(No Court Seal or stamp!!)

_Jeem Lopez_
(Foreperson of the Grand jury)

CR- CR-1235-25-A
DA Control No. DA-25-02267
Agency: McAllen police Department
Arrest Date: 01/29/2025
Bond: $3.000.00
State of Texas VS. Jaime Elizondo

charge: PROIt substance/item in corr/civ.
com. Facility

Filed
At 3:21 o'clock P.M
May 15, 2025
Laura Hinojosa, Clerk
District Courts Hidalg County
By ___ Deputy #38

*Indictment*                    Def. in Jail

In the name and by authority of the state of Texas:

The grand Jury, ~~the~~ for the county of Hidalgo, state of Texas, duly selected, impaneled, sworn, charged and organized as such at the January 2025 term of the 370th Judicial District Court for said county, upon their oaths present in and to said court at said term that Jaime Elizondo, here in after styled defendant, on or about the 29th day of January, 2025 and before the presentment of this indictment in Hidalgo county, Texas, did then and there intentionally or knowingly possess a controlled substance, namely, cocaine, in an amount of less than one gram.

Against the peace and Dignity of the state

copy by hand
Jaime Elizondo

Foreperson of the Grand Jury

It has a court seal or stamp!

District Court Hidalgo County

CR-1235-25-A

D.A control No. DA 2502267

Agency: McAllen Police Department

Arrest Date: 01/29/2025

Bond $3000 N G

State of Texas v. Jaime Elizondo

So: 01468256    PID: 2118007

Charge: Poss CS PG 1/1-B < 1G

Filed

At 2:30 O'clock PM

FEB 27 2025

Laura Hinojosa, Clerk

District Courts Hidalgo County

By _Jellery_ Deputy # 33

To District Clerk

~~Don~~ Nathan Ochsner

Please, This is a new civil
Action Do not puted on the
one from Uvelde Tex. How happend
before  I had to make all the
Copies again by hand.

Thank you very much.